Dear Mr. Salter:
1. May LSA-R.S. 14:63.3 be used in retaliation against a person or persons reporting elderly abuse?
2. Would a claim that a person has been encouraged and invited to the premises by the elderly person only at specific times and only on specific days of the week be an affirmative defense against prosecution pursuant to LSA-RS 14:63.3?
To address your first inquiry, research could not be obtained referencing that the legislature had intent to use LSA-R.S.14:63.3 as a retaliation tool against those reporting elderly abuse. Furthermore, it is never appropriate to use any criminal statute as a retaliatory device against another.
Therefore, it is the opinion of this office, that it is never appropriate to use any criminal statute as a retaliatory device against another.
To address your second inquiry, LSA-R.S. 14:63.3(A) states in pertinent parts, "[n]o person shall without authority go into any immovable property after having been forbidden to do so, orally or in writing by an owner, lessee, or custodian of the property." LSA-R.S. 14:63 details specific requirements needed for a criminal trespass conviction. Note also, subsection (D) of the statute determines the allowances for affirmative defenses. The statute states, "[i]t shall be an affirmative defense to a prosecution for a violation of Subsections A, B, or C of this Section, that the accused had express, legal, or implied authority to be in the movable or on the immovable property."
Therefore, it is the opinion of this office that where a person has been expressly forbidden from entering onto or remaining on the premises at all times, except for specified hours on specified days of the week, and does so, then that person would be in violation of LSA-R.S. 14:63.3 absent the allowances in subsection (D) of the statute.
If the office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
BY: ________________________________
 PEGGY GOODS ASSISTANT ATTORNEY GENERAL
PG/jh/jy